UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY BROWN,<br><br>   Plaintiff,<br><br>   v.<br><br>MENTAL HEALTH REHABILITATION,<br><br>   Defendant. | Case No. 18-CV-06069 LHK (PR)<br><br>**ORDER REVOKING *IN FORMA PAUPERIS* STATUS** |

Before the Court is a referral from the Ninth Circuit Court of Appeals for a determination of whether *in forma pauperis* ("IFP") status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.

**I.   BACKGROUND**

This closed federal civil rights action, which is currently on appeal, was filed by a *pro se* state prisoner.

In the complaint, plaintiff alleged that when he arrived at San Quentin State Prison on February 4, 2004, he did not have any mental health issues. Plaintiff stated that as a result of his "unlawful [] sentence," plaintiff began to have developmental mood disorders, major depression,

Case No. 18-CV-06069 LHK (PR)
ORDER REVOKING IFP STATUS

1

and other mental health issues that he did not have before he was imprisoned. Dkt. No. 1 at 5. Plaintiff also argued that he was denied fair notice that his 1993 prior conviction was going to be used as an enhancement and that the enhancement violated the Double Jeopardy Clause. In the remainder of his complaint, plaintiff argued that his 1993 prior conviction should not have been used to enhance his sentence. Plaintiff sought damages and reversal of his conviction.

On December 12, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 9. Also on the same date, the Court dismissed the complaint without prejudice. Dkt. No. 10. Specifically, plaintiff's claim that he suffered mental health issues as a result of an unlawful sentence was dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court determined that there was no indication that plaintiff's sentence was unlawful or that it had been invalidated and, thus, it concluded that plaintiff's claim was not cognizable and barred under *Heck*. Dkt. No. 10 at 2-3 (citing *Heck*, 512 U.S. at 486-87 (A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.)). As to plaintiff's remaining claims, the Court concluded that success in challenges to his conviction or sentence would shorten the duration of his confinement, and it dismissed such claims without prejudice to plaintiff's re-filing them in a federal habeas petition. Dkt. No. 10 at 3 (citing *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.")).

On December 26, 2018, Plaintiff filed a notice of appeal. Dkt. No. 12.

In a Referral Notice dated January 14, 2019, the Ninth Circuit Court of Appeals referred this case to the district court for the limited purpose of determining whether IFP status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.

Case No. 18-CV-06069 LHK (PR)
ORDER REVOKING IFP STATUS

2

## II. DISCUSSION

### A. Procedure for Prisoners Seeking Leave to Proceed IFP on Appeal

A prisoner must seek leave to proceed IFP on appeal in the district court. *See* Fed. R. App. P. 24(a). If the prisoner was granted leave to proceed IFP by the district court and that status has not been revoked at the time of the appeal, the Ninth Circuit will issue a referral notice to the district court pursuant to 28 U.S.C. § 1915(a)(3) asking the court whether the appeal is frivolous and not taken in good faith, which is what happened in the instant matter. If the district court finds that the appeal is taken in good faith and is not inclined to revoke the prisoner's IFP status, such status will continue on appeal pursuant to Fed. R. App. P. 24(a)(3). As in the district court, a prisoner proceeding IFP on appeal will be required to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

If the district court finds that the appeal is frivolous and not taken in good faith and revokes IFP status, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous. The Ninth Circuit will decide whether to grant the prisoner IFP status, notwithstanding a certification by the district court under § 1915(a)(3). For example, the Ninth Circuit has held that a prisoner may challenge a district court's § 1915(a)(3) certification by filing a motion in the appellate court pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure.[1] *See O'Neal v. Price*, 531 F.3d 1146, 1150 (9th Cir. 2008). "If upon review of the record [the Ninth Circuit] determine[s] that the district court erred in making a § 1915(a)(3) certification, [the Ninth Circuit] may vacate the district court's certification, grant the prisoner leave to take an appeal IFP, and construe the prisoner's motion as a timely notice of

---

[1] Rule 24(a)(5) states that "[a] party may file a motion to proceed on appeal [IFP] in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)." Fed. R. App. P. 24(a)(5).

Case No. 18-CV-06069 LHK (PR)
ORDER REVOKING IFP STATUS

3

appeal." *Id.* (citing 28 U.S.C. § 2106). Having set aside the district court's certification, § 1915(a)(3) poses no bar to the Ninth Circuit's consideration of prisoner's claims on the merits. *Id.*

However, if IFP status is denied by the Ninth Circuit, the prisoner will nonetheless be directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2).

**B. Analysis**

Here, Plaintiff is appealing this Court's order dated December 4, 2018, which dismissed the complaint without prejudice. Dkt. No. 10. As explained above, the Court dismissed Plaintiff's claim related to his unlawful sentence without prejudice on the ground that it was barred by *Heck*. The Court properly concluded that plaintiff's claim was not cognizable upon determining that there was no indication that plaintiff's sentence was unlawful or that it had been invalidated. *See Heck*, 512 U.S. at 487. In addition, the Court dismissed the remaining claims as not properly asserted in a civil rights complaint because they were direct challenges to his conviction or sentence, which are "the province of habeas corpus." *See Hill*, 547 U.S. at 579. Thus, the Court properly dismissed such claims without prejudice to plaintiff's re-filing them in a federal habeas petition. For these aforementioned reasons, this Court finds that the appeal is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3) and is therefore frivolous. *See* Fed. R. App. P. ("FRAP") 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). Accordingly, Plaintiff's IFP status is hereby REVOKED.

**III. CONCLUSION**

For the foregoing reasons, the Court REVOKES Plaintiff's IFP status.

The Clerk of the Court shall forthwith notify Plaintiff and the Court of Appeals of this

Case No. 18-CV-06069 LHK (PR)
ORDER REVOKING IFP STATUS

4

Order. *See* FRAP 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this Order. *See* FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

DATED: January 21, 2019

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-06069 LHK (PR)
ORDER REVOKING IFP STATUS

5